UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTINS CHUKWUKA EMMANUEL, ABEL GREAT UMARU, KELVIN AYODEJI CAMPBELL, DAVID OVHIOGHENA UMARU,<br><br>Plaintiff,<br><br>v.<br><br>WYNN RECORDS, DAVID ADEDEJI ADELEKE P/K/A DAVIDO, EMMERSON AMIDU BOCKARIE P/K/A EMMERSON, CARLOS JENKINS, MATTHEW QUINNEY, MARQUES MILES II, TUNECORE, INC., and DOES 1-10,<br><br>Defendants. | Case No. 1:25-cv-2833<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Martins Chukwuka Emmanual, Abel Great Umaru, Kelvin Ayodeji Campbell, and David Ovhioghena Umaru (collectively, "Plaintiffs"), by and through their attorneys, for their Complaint against Defendants Wynn Records, David Adedeji Adeleke, professionally known as "Davido" ("Adeleke"), Emmerson Amidu Bockarie, professionally known as "Emmerson" ("Bockarie"), Carlos Jenkins ("Jenkins") Matthew Quinney ("Quinney"), Marques Miles II ("Miles"), TuneCore, Inc. ("TuneCore"), and Does 1-10 (collectively, "Defendants"), allege as follows:

### INTRODUCTION

1.  This case arises from the blatant and willful infringement of Plaintiffs' original sound recording and underlying musical composition entitled, *Strawberry on Ice (Flavor)* (the

1

"Work"). The Work is duly registered with the U.S. Copyright Office, Reg. No. SRu 1-599-163. A copy of the federally registered Work is available for reference on Soundcloud.[1]

2. Plaintiffs, accomplished Nigerian music producers and songwriters, meticulously composed and recorded the Work in 2022. Without authorization, Defendants Adeleke, Bockarie, Jenkins, Quinney, Miles, and Wynn Records copied, altered, and incorporated substantial portions of the Work's musical composition and sound recording verbatim into a new track, which Wynn Records and TuneCore released under the same name, *Strawberry on Ice* (the "Infringing Work").[2] Defendants, through Wynn and TuneCore, released the Infringing Work commercially on all major music platforms solely as if it were their own, without credit or compensation to Plaintiffs. Yet the Infringing Work significantly plagiarizes Plaintiffs' creative expression, sampling much of the Work—including the key portions—verbatim.

3. Despite acknowledging the obvious infringement, Defendants have brazenly continued to exploit the Infringing Work, profiting and gaining widespread recognition from Plaintiffs' creation while denying Plaintiffs the credit and compensation they deserve. For months, Defendants have promised to resolve the dispute by compensating and properly crediting Plaintiffs, thereby obviating the need for judicial intervention. And Plaintiffs thought that the dispute was in fact resolved, when they executed a written settlement agreement with Adeleke.

4. Unfortunately, Adeleke has willfully refused to abide by the promises in the

---

[1] Plaintiffs' Work can be heard on SoundCloud at https://soundcloud.com/xtremetheproducer/kampbell-flavour?si=6ed7ba57cef9407eb430130f1423bec7&utm_source=clipboard&utm_medium=text&utm_campaign=social_sharing.

[2] The Infringing Work can be heard on YouTube at https://www.youtube.com/watch?v=kW3Y5fMGmvE.

Agreement on which the releases therein were expressly conditioned, demonstrating that he entered into it for no other reason than to further stall and delay compensating Plaintiffs for their creative labor.

5. Accordingly, Plaintiffs are forced to file this lawsuit for monetary and injunctive relief for copyright infringement by all Defendants and for material breaches of the Agreement by Adeleke, to vindicate their rights, and obtain redress for the harm caused by Defendants' actions.

## JURISDICTION AND VENUE

6. This is a civil action against Defendants for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

7. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. Jurisdiction lies in this District under N.Y. C.P.L.R. § 301 & 302, and venue is proper under 28 U.S.C. §§ 1391(b)(2) and (c)(2) and 28 U.S.C. § 1400(a). Defendants reside in this District, own property in this District, regularly transact business in this District, and/or a substantial part of the events or omissions giving rise to the claim occurred in this District. Moreover, Defendant Adeleke expressly consented to jurisdiction in this District when he executed a settlement agreement, for which the other Defendants are third-party beneficiaries, which provided that claims arising out of or relating to Agreement shall be brought in this District. Moreover, Defendants on information and belief all transact significant business within New York, including contracting with TuneCore, which is headquartered in New York, to distribute the Work through major streaming services such as Spotify, whose U.S. operations are headquartered in

New York. Defendants have committed the infringement alleged herein both within New York and outside of New York, expected or should reasonably have expected such acts to have consequences in New York, and upon information and belief derive substantial revenue from interstate or international commerce.

**PARTIES**

9. Plaintiffs Martins Chukwuka Emmanuel, Abel Great Umaru, Kelvin Ayodeji Campbell, and David Ovhioghena Umaru are individuals based in Nigeria. They are independent music producers and songwriters, whose income is dependent on the ability to protect and monetize their copyright rights.

10. Defendant Wynn Records is an entity of unknown origin that is, upon reasonable information and belief, based in Los Angeles, California, but has no known corporate registration. Nonetheless, Wynn Records describes itself as a "full-service talent and music agency" that specializes in "development and management, brand partnerships, music distribution and publishing, tour development and financing, marketing and more."[3] Wynn Records serves as Bockarie's record label, claims copyright ownership over the sound recording in the Infringing Work, has actively promoted the Infringing Work, and administers and exploits the rights therein.

11. Defendant Adeleke is an individual believed to split his residence between Nigeria and Los Angeles, California. Adeleke is a prominent recording artist who conducts significant business in the United States, including on information and belief the production and performance of music in this District.

12. Defendant Bockarie is an individual believed to reside in Nigeria. Bockarie is also a prominent recording artist, who collaborated with Adeleke on creating and recording the

---

[3] https://wynnrecords.com/about.

Infringing Work, and who also conducts significant business in the United States, including on information and belief putting on live performances of music in this District.

13. Defendant Jenkins is an individual believed to reside in the Los Angeles, California area, who collaborated with Adeleke and Bockarie on creating and recording the Infringing Work.

14. Defendant Quinney is an individual believed to reside in Ontario, Canada, who collaborated with Adeleke and Bockarie on creating and recording the Infringing Work.

15. Defendant Miles is an individual believed to reside in the Los Angeles, California area, who collaborated with Adeleke and Bockarie on creating and recording the Infringing Work.

16. Defendant TuneCore is a Delaware corporation with its principal place of business in Brooklyn, New York. Upon information and belief, TuneCore has handled digital distribution of the Infringing Work, engaging in the unauthorized reproduction and distribution of the Infringing Work to major streaming platforms and others, and authorizing public performances of the Infringing Work.

17. Defendant Does 1-10 individuals and/or entities, the true names and capacities of which are unknown to Plaintiffs, who therefore sue defendants by such fictitious names (the "Doe Defendants"). The Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth.

## FACTS COMMON TO ALL COUNTS

18. Plaintiffs are professional songwriters and producers based in Nigeria. They have contributed significantly to the music industry in Nigeria, and by extension, the United States, which has seen an exponential growth in the promotion of "Afropop" artists and musicians.

19. In 2022, Plaintiffs co-wrote, composed, arranged, and recorded the Work as a reference track, and have never assigned, licensed, or otherwise transferred their rights in the

Work. Plaintiffs registered the Work with the United States Copyright Office, Reg. No. SRu 1-599-163, covering the sound recording and underlying composition. As co-authors, Plaintiffs own and control 100% of the copyright in the Work.

20.     In an effort to explore a potential collaboration, Plaintiffs provided the stems for the Work (i.e., the isolated tracks for the recording, including individual recorded instrumental and vocal elements of the Work) to Adeleke's team in January 2022. Plaintiffs had no agreement in place with Adeleke however and never suggested (whether explicitly or implicitly) that Adeleke, or anyone other than Plaintiffs, had the right to exploit the sound recording or musical composition of the Work without their consent.

21.     Instead of engaging in good faith collaboration, Adeleke, without Plaintiffs' knowledge or permission, brought the Work to Bockarie, who proceeded to create the Infringing Work with Adeleke, as well as the other writers, Jenkins, Quinney, and Miles. To create the Infringing Work, these Defendants sampled the Work wholesale, taking large portions of the actual sound recording and mixing those portions with their new contributions. The resulting Infringing Work is essentially an unauthorized "remix" of Plaintiffs' Work, in which the sound recording in and underlying composition to Plaintiffs' Work are extensively sampled wholesale and incorporated into the Infringing Work verbatim, serving as the "beat" which Adeleke and Bockarie sing over. Resultingly, the Infringing Work engages in wholesale sampling of large portions of the Work's sound recording, and interpolation of large portions of the Work's underlying music, including the melodies, harmonies, pitches, timbres, rhythms, chord progressions, song structure, and lyrics.

22.     The Infringing Work was released as a single through Wynn Records in June 2024, and is available on all major streaming platforms, where it has been played millions of times.

Defendants also released a music video for the Infringing Work, further synchronizing and adapting Plaintiffs' Work without authorization, which has been played millions of times.

23. On information and belief, Defendants Bockarie and Adeleke have performed the Infringing Work publicly at live events on numerous occasions, including on nationally-televised broadcasts such as the 2024 BET Awards.

24. Defendants never obtained any license, agreement, or authorization from Plaintiffs to reproduce, distribute, adapt, perform, or otherwise commercially exploit any portion of the Work, whether the sound recording or the underlying musical composition. Meanwhile, the Infringing Work continues to be played and publicly performed on major music streaming platforms, YouTube, social media, and other distribution channels, generating significant revenue and exposure for Defendants while Plaintiffs remain uncompensated and uncredited.

25. Plaintiffs have made multiple attempts over several months to resolve this issue amicably with Adeleke's team, who has in turn continued to string Plaintiffs along, acknowledging the wrong but refusing to come to any agreement that would provide redress. Finally, months after admittedly taking the Work without authorization, Adeleke finally agreed to resolve the claims. Unfortunately, as Plaintiffs have learned, that agreement was nothing more than another stall tactic to put off having to account to Plaintiffs.

26. On March 14, 2025, Plaintiffs entered into a Settlement and Release Agreement with Adeleke (the "Agreement"). As part of the Agreement, Adeleke promised to make a lump sum payment of $45,000 (the "Settlement Payment"), cause to be assigned to Plaintiffs forty percent (40%) of the underlying composition in the Infringing Work, and cause to be assigned to Plaintiffs twenty percent (20%) of the sound recording in the Infringing Work. In exchange, Plaintiffs would release Adeleke and the others involved in the Infringing Work from liability in

7

connection with their infringement claims.

27. Critically, because the Settlement Payment represented a steep discount on the value of Plaintiffs' copyright claims, Plaintiffs would only agree to waive their claims if the Settlement Payment was made to them timely, and in short order. To that end, Plaintiffs and Adeleke mutually agreed that any release of liability by Plaintiffs was *expressly conditioned* on Adeleke's transfer of the Settlement Payment by no later than March 24, 2025, and that failure to make such payment would constitute a material breach of the Agreement. This condition reflected a mutual understanding that Adeleke—and any others involved in the infringement of Plaintiffs' Work—would not be able to escape liability for copyright infringement simply because Adeleke signed a settlement agreement. Instead, the release of liability for Adeleke and any other releasees would only come into fruition if Adeleke actually abided by his promises therein.

28. Unfortunately, March 24 came and went, and Adeleke has utterly failed to abide by the Agreement. In particular:

    a. Adeleke has failed to transfer the Settlement Payment despite expressly acknowledging that such failure constitutes a material breach, in violation of section 2.a. of the Agreement.

    b. Adeleke has failed to cause the contractually agreed-upon share of the composition and sound recording interests in the Infringing Work to be transferred to Plaintiffs; has failed to inform relevant parties—such as performing rights organizations, publishers, and licensees—of the change in ownership; and has failed to have his label account to Plaintiffs for 20% of the sound recording royalties, in violation of section 2.b. of the Agreement. Instead, Defendants continue to exploit the Infringing Work without crediting or compensating Plaintiffs, knowing full well such conduct is not authorized.

29. Adeleke's actions have made it clear that, despite privately acknowledging fault to Plaintiffs, and despite representing that he would like to resolve this dispute amicably, Adeleke has no interest in compensating Plaintiffs for the harm caused. Instead, Adeleke took advantage of Plaintiffs' good-faith intentions by using settlement negotiations as yet another stall tractic.

30. The Agreement furthermore provides that in the event it becomes necessary to bring an action to enforce the Agreement, the prevailing party shall be entitled to recover attorney's fees and costs incurred in said action. Accordingly, it was expressly foreseeable, and indeed contemplated by the parties, that Adeleke's failure to perform under the Agreement would consequently create even more harm to Plaintiffs due to additional time and expense they would be forced to incur simply to obtain redress.

31. Defendants are well aware that Plaintiffs' release of their claims—and any right by Defendants to exploit the Infringing Work prospectively—was expressly conditioned upon Adeleke's timely payment under the Agreement. Adeleke's failure to perform under the Agreement and the collective decision by the other Defendants to continue allowing the Infringing Work to be reproduced, distributed, and publicly performed without compensation or credit to Plaintiffs, is knowing and willful.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

32. Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

33. At all relevant times, Plaintiffs have been and still are the owners of all rights, title, and interests in and to the Work, which constitutes an original and protectable sound recording and musical composition, duly registered with the Copyright Office, and which has never been assigned, licensed, or otherwise transferred to Defendants.

34. Without authorization, Defendants created the Infringing Work, which reproduces, samples, quotes, and plagiarizes large portions of both the sound recording and musical composition in the Work. By reproducing, distributing, publicly performing the Infringing Work, and otherwise exploiting, administering, and publishing the Infringing Work, Defendants have violated and continue to violate Plaintiffs' exclusive rights under 17 U.S.C. § 106 including *inter alia* to the rights to reproduce, adapt, distribute, and publicly perform the Work, including by means of digital audio transmissions.

35. Defendants' unlawful conduct as alleged above was deliberate, intentional, knowing, malicious and willful.

36. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been and will continue to be damaged.

37. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of the Work, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT AGAINST DEFENDANT ADELEKE**

38. Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

39. The Agreement is a valid and enforceable contract between Plaintiffs and Adeleke, and the other Defendants are third-party beneficiaries to that contract.

40. Adeleke's actions described above, including his failure to make the Settlement Payment and refusal to transfer a share of the copyright in the Infringing Work to Plaintiffs,

constitute material breaches of the Agreement. Breaches of these promises, which form the very basis for why Plaintiffs agreed to settle in the first place, are incurable.

41. As a direct and proximate result of Adeleke's breaches, Plaintiffs have suffered actual and consequential damages in an amount conforming to proof.

## THIRD CAUSE OF ACTION
## DECLARATORY RELIEF

42. Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

43. As set forth above, Adeleke has refused to cause the transfer of a 40% share in the composition copyright and 20% share in the sound recording copyright in the Infringing Work to Plaintiffs, as promised, and which he was authorized to do on behalf of himself and the other Defendants who hold copyright interests in the Infringing Work. Instead, despite the fact that the Infringing Work is completely built off of the Work such that a large portion of the Infringing Work constitutes Plaintiffs' copyrightable contributions, Adeleke, and the other Defendants, continue to exploit the Infringing Work without crediting Plaintiffs and without directing royalty payments to Plaintiffs.

44. This has created an actual and justiciable controversy over whether Plaintiffs were transferred the copyrights and royalty interests associated with the Infringing Work.

45. Accordingly, Plaintiffs seek a judicial declaration finding that by executing the Agreement, Adeleke, acting on his behalf and as a duly authorized agent for the other rights holders, transferred the respective copyright shares in the Infringing Work to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

1. For a declaration that the Infringing Work constitutes infringement of Plaintiff's

11

copyrighted work, and that Defendants' past and present reproduction, adaptation, distribution, and public performance of the Infringing Work violates Plaintiffs' rights under the Copyright Act;

2. For a declaration that Adeleke, on behalf of himself and the other rights holders of the Infringing Work, transferred 40% of the compositional copyright and 20% of the sound recording copyright in the Infringing Work to Plaintiffs;

3. For an order enjoining Defendants and their officers, agents, representatives, servants, employees, attorneys, directors, successors, assigns, designees, publishers, labels, administrators, and licensees, and all others in active concert or participation with any of them, from further infringing Plaintiffs' copyrights, or from causing, aiding, enabling, facilitating, encouraging, promoting, inducing, or materially contributing to or participating in the infringement of Plaintiffs' copyrights.

4. For an order awarding Plaintiffs their actual damages and profits attributable to the infringement, or at Plaintiffs' election, statutory damages up to $150,000 per work infringed under 17 U.S.C. § 504(c);

5. For an order awarding Plaintiffs their direct and consequential damages as a result of Adeleke's breaches of the Agreement;

6. For an order awarding Plaintiffs their attorneys' fees, expenses, and costs of suit;

7. Prejudgment and post-judgment interest at the applicable rate; and

8. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all claims and issues that are so triable.

Dated: April 4, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　_/s/ Leo M. Lichtman_

Leo M. Lichtman
ESCA Legal LLC
1117 Sixth Avenue, Fifth Floor
New York, NY 10036
Tel.: (347) 745-2535
leo@esca.legal

***Attorney for Plaintiffs Martins Chukwuka Emmanual, Abel Great Umaru, Kelvin Ayodeji Campbell, and David Ovhioghena Umaru***